NATHAN D. HOXIE *vs.* JAMES T. SMALL.

Androscoggin.    Opinion August 11, 1893.

*Sales.    Misrepresentations.    Fraud.*

When a vendor sells shares of corporation stock, or shares in a real estate contract, the law will not allow him to misrepresent the amount which the corporation has received for its stock, nor the amount which the owner of the land has received on the contract. These facts affect too directly and immediately the value of such shares to be misrepresented with impunity.

Where the defendant sold to the plaintiff a fractional interest in a contract for the purchase of real estate and represented that the share was paid for and that there were no more assessments or payments to be made on it, and that he was selling it to the plaintiff for precisely what it cost,

*Held;* that these statements are material, affecting directly the value of the interest which the defendant was selling; and, if false, will amount to a fraud of which the law will take cognizance.

ON EXCEPTIONS.

The jury having returned a verdict for the defendant, in an action of money had and received, the plaintiff took exceptions which appear in the opinion.

Before the trial, the plaintiff filed by direction of the court the following specifications of the alleged false representations upon which the plaintiff claimed a recovery:

"1st. That he, the said defendant, was then the owner of one share in the Wilson Addition, New England City, Georgia; that he had bought one share in the Wilson Addition to New England City, Georgia; that he had secured an additional share for the plaintiff and four others, which is the share towards which the money sued for was advanced; that he had bought and paid for one share as above, as his own, in addition to the share secured for the plaintiff and others, which last is the share towards which the plaintiff advanced the money sued for.

"2nd. That the share towards the purchase of which plaintiff advanced the money which is sued for was fully paid up; that there was nothing more to be paid on it; that there could be no assessments on it; that there would be no more payments on it.

"Which representations plaintiff says were both false and fraudulent."

*Drew and Roberts*, and *Savage and Oakes*, for plaintiff.

Counsel cited: *Nowlan* v. *Cain*, 3 Allen, 261; *Bostwick* v. *Lewis*, 1 Day, 250; S. C. 2 Am. Dec. 78, note; *Spaulding* v. *Hodges*, 2 Pa. St. 240; *Smith* v. *Richards*, 13 Pet. 26; Cool. Torts, pp. 474, 483, note, 488, note; *Harris* v. *McMurray*, 23 Ind. 9; *Cressler* v. *Rees*, 46 N. W. Rep. 363; *McAleer* v. *Horsey*, 35 Md. 439; *Bean* v. *Herrick*, 12 Maine, 269; *Saunders* v. *Hatterman*, 2 Ired. 32 S. C. 37 Am. Dec. 404; 2 Kent Com. 487; *Shackleford* v. *Handley*, 1 A. K. Marsh. (Ky.), 496, S. C. 10 Am. Dec. 753; *Griswold* v. *Sabin*, 51 N. H. 167; *Mead* v. *Bunn*, 32 N. Y. 281; *Fitzsimmons* v. *Joslin*, 21 Vt. 129; S. C. 52 Am. Dec. 46; *Reynolds* v. *Palmer*, 21 Fed. Rep. 433; *Williams* v. *McFadden*, 23 Fla. 143; S. C. 11 Am. St. Rep. 345; *Coles* v. *Kennedy* (Iowa), 46 N. W. Rep. 1088; *Page* v. *Parker*, 43 N. H. 363; *Brackett* v. *Griswold*,

112 N. Y. 454; *Frenzel* v. *Miller*, 37 Ind. 1; S. C. 10 Am.
Rep. 65.

*Newell and Judkins*, for defendant.

Neither of the representations is actionable, even though false
and intended to deceive. Parties stood in relation of buyer
and seller. No relation of agency or any fiduciary capacity.
Plaintiff knew he was not getting a title to land, because he
received no deed. Plaintiff alleges no false or fraudulent repre-
sentation concerning the "quality or condition" of the "share,"
the subject of the sale. Jury found that the defendant owned
the share.

Counsel cited: *Watson* v. *Poulson*, 7 E. L. & Eq. Rep. 588;
*Holbrook* v. *Connor*, 60 Maine, 578, 585. Cases of misrepre-
sentation held actionable as pertaining to quality or condition:
*Long* v. *Woodman*, 58 Maine, 49; *Atwood* v. *Chapman*, 68
Maine, 38; *Martin* v. *Jordan*, 60 Maine, 531; *Rhoda* v. *Annis*,
75 Maine, 17; *Savage* v. *Stevens*, 126 Mass. 207; *Ladd* v.
*Putnam*, 79 Maine, 568; *Hazard* v. *Irwin*, 18 Pick. 95;
*Nowlan* v. *Cain*, 3 Allen, 261.

The seller, however, may express his opinion of the value of
the thing he offers for sale, and praise it *ad libitum* without
incurring liability. It is not actionable for the seller to falsely
represent "that the lands had large deposits of oil in them, and
were of great value for the purposes of digging, boring for,
and manufacturing oil," when the lands had never been tested,
*Holbrook* v. *Connor*, 60 Maine, 568; to represent to purchaser
of a business that he would have the same right in a store — a
tenancy at will — that a prior tenant had enjoyed, the alleged
damage being an ejection after thirty days notice, *Danforth* v.
*Cushing*, 77 Maine, 182; to represent that a buyer could make
large profits out of the article bought, *Bishop* v. *Small*, 63
Maine, 12; to induce a conveyance of real estate by represent-
ations of a promissory nature, *Long* v. *Woodman*, 58 Maine,
49; to misrepresent what the law will or will not permit to be
done, *Abbott* v. *Treat*, 67 Maine, 121.

The general rule of law as above stated admits, however, of
an exception. False representations, concerning the value of

the thing sold, former offers for it, the price paid for it, etc., are not actionable. While this is not universal rule of law, it prevails in this State and Massachusetts by an unvarying line of decisions. *Medbury* v. *Watson*, 6 Met. 246; *Brown* v. *Castles*, 11 Cush. 348; *Belcher* v. *Costello*, 122 Mass. 189; *Hemmer* v. *Cooper*, 8 Allen, 334; *Manning* v. *Albee*, 11 Allen, 520; *Gordon* v. *Parmelee*, 2 Allen, 212; *Richardson* v. *Noble*, 77 Maine, 390; *State* v. *Paul*, 69 Maine, 215; *Bishop* v. *Small*, 63 Maine, 12; *Holbrook* v. *Connor*, 60 Maine, 578; *Bourn* v. *Davis*, 76 Maine, 223, and cases cited; *Bunta* v. *Palmer*, 47 Ill. 99; *Tuck* v. *Downing*, 76 Ill. 71. Cases of *Van Epps* v. *Harrison*, 5 Hill (N. Y.), 63; *Sanford* v. *Handy*, 23 Wend. 268; and *Page* v. *Parker*, 43 N. H. 369, overruled in this State in *Richardson* v. *Noble*, 77 Maine, 390.

Sitting : Peters, C. J., Walton, Virgin, Libbey, Foster, Haskell, JJ.

Walton, J. This is an action to recover back money claimed to have been obtained by fraud. The defendant sold to the plaintiff a fractional interest in a contract for the purchase of real estate, representing to him, as the plaintiff claims, and as the evidence tends to prove, that the share which he was selling to the plaintiff was paid for, and that there were no more assessments or payments to be made on it, and that he was selling it to the plaintiff for precisely what it cost. The exceptions state that the presiding justice "regretfully and reluctantly," instructed the jury that these statements, though false, would not amount to a fraud of which the law could take cognizance.

We do not think the ruling can be sustained. Such statements, if made, were clearly material. They affected directly the value of the interest which the defendant was selling. The defendant was not selling tangible property. He was selling a fractional interest in a contract. And the value of that contract depended largely, if not wholly, upon the amount of the payments that had been made upon it. A contract for the purchase of real estate, a mere option, on which nothing has been paid may

possess little or no value. But if the price has been paid, though no deed has been given, an equitable title is thereby vested in the holder of the contract which is equal in value to a legal title. It is plain, therefore, that the payments upon such contracts are important facts and cannot be misrepresented with impunity. As well might the payments which have been made upon a mortgage be misrepresented when selling the right to redeem.

A vendor can sometimes misrepresent with impunity the price which he paid for the property he is selling ; but he can not do so when the amount paid creates or directly affects the value of what he is selling. In *Coolidge* v. *Goddard*, 77 Maine, 578, the plaintiff sold the defendant five shares in an electric light company, representing to him that he and all the other stock-holders had paid to the company the par value of the stock, and that he was selling to the plaintiff at the same price which all the other stockholders had paid ; and the court held that these statements were material and important, as they affected directly the value of the stock, and, if false, constituted a legal fraud. It was there urged, as in this case, that statements of what the seller had paid was mere " dealer's talk," and created no liability ; and the same authorities were cited in support of the proposition which are cited in this case ; and the ruling at the trial was substantially the same in that case as in this. But, said Mr. Chief Justice PETERS, "the learned judge evidently had not at the moment in mind the distinction between what the plaintiff had paid and what the company had received for the stock." If the company had received the par value of its stock, then it would have a working capital equal to the amount of stock issued. But if it had sold its stock to the stockholders for one third of its par value, which was the fact, then its working capital would be correspondingly less. And as the value of stock depends upon the amount of capital possessed by a corporation, any statement which misrepresents the amount, is important and material and can not be made with impunity.

The law allows a vendor to indulge in a large amount of misrepresentation without making himself responsible for it. Many of the statements of the defendant in this action are of

that character.   His professions of friendship and his pretended anxiety to do the plaintiff a favor are examples of that class. A buyer who relies upon the professed friendship of a seller, and his pretended desire to force a favor upon him, must look to the same source for indemnity in case he is cheated.   But a vendor's right to misrepresent facts has its limits ; and when he is selling shares in corporation stock, or shares in a real estate contract, the law will not allow him to misrepresent the amount which the corporation has received for its stock, nor the amount which the owner of the land has received on the contract; for these facts too directly and immediately affect the value of such shares to be misrepresented with impunity.

*Exceptions sustained.*

VIRGIN, J., died before the decision of this case.